# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER PEREZ,<br>(A Number: 097-775-026)<br><br>Petitioner,<br>v.<br><br>WARDEN, *Mesa Verde ICE Processing Facility*,<br><br>Respondent. | Case No. 1:26-cv-08419-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S PETITION BE GRANTED AND PETIONER BE IMMEDIAELY RELEASED**<br><br>(Doc. 1)<br><br><u>FIVE-DAY DEADLINE</u> |

Javier Perez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on October 13, 2026. (Doc. 1). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 15, 2026, the undersigned issued an order requiring Respondent to show cause why the writ should not be granted. (Doc. 4). On October 18, 2026, and in response to an order to supplement their response, on October 20, 2026, Respondent filed responses. (Docs. 5, 7).

Petitioner was ordered removed to Cuba on March 9, 2026 and that order became final on April 8, 2026. *See Perez v. Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:26-CV-2028-SPC-NPM, 2026 WL 2110640, at *1 (M.D. Fla. July 22, 2026). Petitioner's presumptively reasonable detention period expired on October 5, 2026. *Id.*

Respondent argues that Petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(6) because Petitioner has not carried his burden to show that his removal is not likely under *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). (Doc. 5 at 2–3). Based on their argument that Petitioner has not met his burden, Respondent does not make any argument or showing about their attempts to

remove Petitioner to Cuba or a third-party country. (*See* Doc. 5).

The undersigned disagrees that Petitioner has not met his burden and incorporates and adopts the reasoning set forth in *Kozlova v. Warden of the California City Det. Ctr.*, No. 1:26-CV-0499 DJC AC, 2026 WL 1785250, at *3 (E.D. Cal. June 22, 2026), *report and recommendation adopted*, No. 1:26-CV-0499 DJC AC, 2026 WL 1879388 (E.D. Cal. June 30, 2026), where the Court explained that during petitioner's ten month detention, "ICE's failure to obtain travel documents during [that] time, and the absence of any indication that [the country to which Petitioner was ordered removed] or another country has agreed or will agree to accept petitioner are sufficient to meet petitioner's initial burden under *Zadvydas*." *See also Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *2 (E.D. Cal. June 26, 2026). So too here. Petitioner has been detained for over six-months and there is no indication that any country is willing to accept Petitioner. Thus, the burden is then on Respondent to rebut this showing. To meet this burden to rebut

> Respondents must provide evidence showing why removal is significantly likely in the reasonably foreseeable future. Evidence showing removal is significantly likely in the reasonably foreseeable future includes showing that removal to the country of removal is common; that the United States and the country of removal have a repatriation agreement in place; that the noncitizen meets the considerations, if any, that the government of the country of removal might take into consideration when deciding whether to issue the noncitizen travel documents; and/or, if applicable, that a new request for travel documents redresses any issue with prior requests. The evidence must also provide insight regarding the expected timing for removal.

*Kozlova*, 2026 WL 1785250, at *4. The undersigned concludes that Respondent has not met their burden as they have provided no evidence of their efforts to remove Petitioner. The only evidence in the record regarding Respondent's efforts indicates that no travel documents have been obtained for Petitioner. (Doc. 5-1 at 3).

Accordingly, the undersigned finds that Petitioner has met his burden to demonstrate there is no significant likelihood of removal and Respondent has not rebutted that showing.[1] The undersigned, therefore, adopts the Court's analysis in *Kozlova*, 2026 WL 1785250, at *3–*5, and concludes that Petitioner has demonstrated that his continued detention pursuant to 8 U.S.C.

---

[1] The court also notes that Respondent does not provide any evidence indicating that they complied with the notice and custody determination requirements set by 8 C.F.R. § 241.4 for extending a detainee's detention beyond the initial 90-day mandatory detention period following entry of a final removal order.

§ 1231(a)(6) violates Petitioner's due process rights. The undersigned recommends Petitioner's immediate release under appropriate conditions of supervision. *See*, *e.g.*, *Yang v. Warden*, *California City Corr. Ctr.*, No. 2:26-CV-00832-DAD-DMC, 2026 WL 765027, at *2 (E.D. Cal. Mar. 18, 2026) (finding "the remedy for a successful *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision"); *Celis v. Bondi*, No. 2:26CV00079-GMN-DJA, 2026 WL 710961, at *4 (D. Nev. Mar. 13, 2026) (same); *see also Nguyen v. Hermosillo*, No. 2:26-cv-0335 GJL, 2026 WL 538497, at *5 (W.D. Wash. Feb. 26, 2026) ("The Supreme Court in *Zadvydas* considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal." (citing *Zadvydas*, 533 U.S. at 699–700)).

**RECOMMENDATION**

Accordingly, the undersigned recommends granting the pending petition, (Doc. 1), and ordering Respondent to immediately release Petitioner from Respondent's custody subject to appropriate conditions and that Respondent be enjoined and restrained from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an immigration judge.

Notice of Expedited Objections: Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations. 28 U.S.C. § 636(b)(l); Local Rule 304(b) (permitting court to set a different time). These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within five (5) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with

specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE