**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JAVIER P.,

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING FACILITY,

Respondent.

No. 1:26-cv-08419-JLT-EGC (HC)

A-Number: 097-775-026

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 9)

Petitioner, a citizen of Cuba, was ordered removed to Cuba on March 9, 2026; that order became final on April 8, 2026. *See Perez v. Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:26-CV-2028-SPC-NPM, 2026 WL 2110640, at *1 (M.D. Fla. July 22, 2026). He is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he argues that his removal is not likely under *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). (Doc. 1.) On October 26, 2026, the magistrate judge issued findings and recommendations that the Petition be granted and Respondents be directed to immediately release Petitioner. (Doc. 9.) On October 29, 2026, Respondents filed timely objections. (Doc. 10.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Because Respondent argued that Petitioner had not carried his initial burden under

*Zadvydas*, Respondents did not initially make any argument or present any evidence about their attempts to remove Petitioner. Thus, on November 3, 2026, the Court issued a Minute Order, indicating as follows:

> Though the Petition is somewhat conclusory, construing it liberally in light of the extensive caselaw establishing that the Cuban government is unlikely to repatriate individuals with criminal records, *see, e.g., Veiga v. Bondi*, No. 2:25-CV-02168-TMC, 2025 WL 3526067, at *1 (W.D. Wash. Dec. 9, 2025); *see also Cabrera v. Senior Warden*, No. C26-3073, 2026 WL 2249486, at *3 (C.D. Cal. Aug. 3, 2026) (discussing "Cuba's unwillingness to repatriate U.S. deportees" and collecting cases), the Court concludes that it appears that Petitioner has met his initial burden under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), to demonstrate there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Thus, within five days, Respondents **SHALL** file a supplemental brief addressing the merits of the claim or a notice that they will stand on their current filing.

(Doc. 11.) Respondents' supplemental brief asserts that Petitioner is "obstructing" their efforts to remove him to a third country—Mexico—and that this conduct subjects him to mandatory post-order detention. (Doc. 12.) They present no information to suggest removal to Cuba is likely, nor that they have plans to remove Petitioner to any third country other than Mexico.

Considering this supplemental information, the Court concludes the findings and recommendations are supported by the record and proper analysis. Respondents have failed to explain how they can effectuate third country removal to Mexico without Petitioner's consent. *See Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026) ("As several other courts have explained, though DHS may have an informal arrangement with the Mexican government to allow third country removals to Mexico, Mexico only accepts individuals who consent to be removed there.")(collecting cases).[1]

Therefore, despite Petitioner's significant criminal record, it appears that Respondents have failed to take any serious action to remove Petitioner, or to explain their intentions. Because

---

[1] This assertion, made repeatedly in numerous cases notwithstanding this Court's prior rulings regarding the likelihood of effectuating a third country removal to Mexico without the non-citizen's consent, effectively amounts to an admission that Respondents have no practical plans for removal.

Respondents have failed to demonstrate that removal is reasonably foreseeable, the Court has no choice but to find that Petitioner can no longer be detained and must be released on appropriate conditions of supervision.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 26, 2026 (Doc. 9) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents SHALL immediately release Petitioner from their custody;
4. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Facility with a copy of this Order.
5. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: November 9, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE